UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

JOKARA WALTERS, *et al.*                                     CIVIL ACTION

VERSUS                                                                     NO. 25-340

TELLIS CURTIS, *et al.*                                        SECTION M (4)

## ORDER & REASONS

Before the Court is a motion to remand filed by plaintiffs Jokara Walters and Aaron Searls (together, "Plaintiffs").[1] Defendants Great West Casualty Company ("Great West"), Tellis Curtis, and CT Trans (collectively, "Defendants") respond in opposition,[2] and Plaintiffs reply in further support of their motion.[3] Having considered the parties' memoranda, the record, and the applicable law, the Court grants the motion and remands this matter to the Civil District Court, Parish of Orleans, State of Louisiana, because Defendants have not demonstrated by a preponderance of the evidence that the minimum jurisdictional amount is met.

I.   BACKGROUND

This case concerns an automobile accident. Plaintiffs allege that on January 3, 2024, Walters was driving her 2019 Jeep Cherokee on Elysian Fields Avenue in New Orleans, Louisiana, with Searls in the passenger seat, when Curtis, who was driving an 18-wheeler, veered into Walters's lane and hit the front driver-side bumper of her vehicle.[4] On December 18, 2024, Plaintiffs filed this suit in state court, alleging that Curtis was at fault for the accident and that he

---

[1] R. Doc. 7.
[2] R. Doc. 14.
[3] R. Doc. 15.
[4] R. Doc. 1-3 at 10.

was employed by CT Trans, which had an insurance policy with Great West.[5] Plaintiffs claim that, as a result of the accident, they sustained damages, "including past physical pain and suffering, future physical pain and suffering, past mental pain and suffering, future mental pain and suffering, medical expenses, loss of past earnings, loss of future earning capacity, loss of consortium, permanent disability of the body, [and] scarring and disfigurement."[6]

On January 23, 2025, Plaintiffs' counsel served Curtis, a resident of Alabama, via long-arm statute.[7] Also in January 2025, Plaintiffs' counsel improperly requested service upon CT Trans and Great West through The Dill Firm, which was not a proper agent for service of process for either company.[8] On February 18, 2025, prior to the completion of service on CT Trans and Great West, Defendants, who are all represented by The Dill Firm, removed the action to this Court based on diversity subject-matter jurisdiction.[9] In their notice of removal, Defendants state that the amount in controversy exceeds the jurisdictional minimum because Plaintiffs pray for a wide variety of damages and they produced medical records that show extensive injuries.[10] Specifically, they point to an MRI report stating that Walters has facet joint effusions at multiple levels of her spine and a facet hypertrophy that the doctor opined were caused by the accident.[11] The doctor recommended physical therapy with dry needling as appropriate, introduced lumbar facet injections and radiofrequency ablasion, and indicated that Walters is a surgical candidate if the more conservative treatments do not provide relief.[12] As to Searls, Defendants cite an MRI report showing disc hernations and bulges with a recommendation for bilateral transforaminal epidural

---

[5] *Id.* at 10-12.
[6] *Id.* at 12.
[7] R. Doc. 1 at 2-3.
[8] *Id.* at 2.
[9] *Id.* at 1-7. It is undisputed that the plaintiffs and defendants have completely diverse citizenship.
[10] *Id.* at 4-7.
[11] *Id.* at 4-5 (citing R. Doc. 1-4).
[12] *Id.* at 5 (citing R. Doc. 1-4).

steroid injections, which he had on October 9, 2024.[13]  There is no information concerning the amount of Plaintiffs' past medical bills, whether they continue to receive treatment, the cost of the recommended treatment, or whether they are likely to pursue the recommended treatment.  There is also no information regarding any lost wages.

## II.     PENDING MOTION

Plaintiffs argue that this case should be remanded because the jurisdictional minimum is not satisfied.[14]  They argue that it is not facially apparent from the complaint, which does not quantify their damages, that the amount in controversy exceeds $75,000.[15]  Plaintiffs also argue that the medical records alone, without any indication of the costs of treatment, are insufficient to carry Defendants' burden of establishing jurisdiction through summary-judgment-type evidence.[16]

In opposition, Defendants argue that the jurisdictional minimum is met because Plaintiffs' medical records show significant injuries related to the accident and recommend future treatment, including the possibility of surgery for Walters.[17]  Defendants contend that Plaintiffs' prayer for an assortment of damages, coupled with medical records that outline recommended future treatment and do not reflect that Plaintiffs were released from such treatment plans, satisfies their burden of establishing that the amount in controversy exceeds the jurisdictional minimum.[18]  Defendants posit that Plaintiffs must now prove that the amount in controversy does not exceed $75,000, which they have not done either by submitting summary-judgment-type evidence of by stipulating they will not seek to enforce a judgment greater than this amount.[19]  In the alternative,

---

[13] *Id.* at 5-6 (citing R. Docs. 1-5; 1-6).
[14] R. Doc. 7.
[15] R. Doc. 7-1 at 3.
[16] *Id.* at 3-7.
[17] R. Doc. 14 at 1-4, 6-9.
[18] *Id.* at 3, 5-9.
[19] *Id.* at 5, 9-10.

Defendants ask that, if the Court finds that the jurisdictional minimum is satisfied as to one plaintiff, it exercise supplemental jurisdiction over the claims of the other plaintiff.[20]

Plaintiffs reply, arguing that Defendants do not meet their burden of proving that the amount in controversy is satisfied because they rely on generalized descriptions of Plaintiffs' injuries without tying those descriptions to specific damages.[21] Plaintiffs posit that Defendants have not shown that there was more than $75,000 in controversy at the time of removal, but rather improperly speculate that the jurisdictional amount may eventually be satisfied by future medical treatment, which, say Plaintiffs, is insufficient to establish jurisdiction.[22]

### III. LAW & ANALYSIS

#### A. Remand Standard

A defendant may remove from state court to the proper United States district court "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "A federal district court has subject matter jurisdiction over a state claim when the amount in controversy is met and there is complete diversity of citizenship between the parties." *Mumfrey v. CVS Pharmacy, Inc.*, 719 F.3d 392, 397 (5th Cir. 2013) (citing 28 U.S.C. § 1332(a)). Because federal courts have only limited jurisdiction, the removal statute is strictly construed, and any doubts or ambiguities are resolved against removal and in favor of remand. *Vantage Drilling Co. v. Hsin-Chi Su*, 741 F.3d 535, 537 (5th Cir. 2014); *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The party seeking removal has the burden of establishing "that federal jurisdiction exists and that removal was proper." *Manguno*, 276 F.3d at 723.

---

[20] *Id.* at 10-11.
[21] R. Doc. 15 at 1.
[22] *Id.* at 2-5.

4

### B. Amount in Controversy

Federal courts have original jurisdiction over matters involving state-law claims when the parties are completely diverse, meaning no plaintiff is a citizen of the same state as any defendant, and when the amount in controversy exceeds $75,000. 28 U.S.C. § 1332(a)(1); *SXSW, L.L.C. v. Fed. Ins. Co.*, 83 F.4th 405, 407 (5th Cir. 2023). "The amount in controversy is 'not proof of the amount the plaintiff will recover' but 'an estimate of the amount that will be put at issue in the course of the litigation.'" *Durbois v. Deutsche Bank Nat'l Tr. Co. as Tr. of Holders of AAMES Mortg. Inv. Tr. 20054 Mortg. Backed Notes*, 37 F.4th 1053, 1057 (5th Cir. 2022) (quoting *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008)). It "is measured by the direct pecuniary value of the right the plaintiff seeks to enforce or protect; stated somewhat differently, it is the value of the object or subject matter of the suit that is critical." 14B CHARLES ALAN WRIGHT, ARTHUR R. MILLER & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3707, at 590 (5th ed. 2023); *see also Durbois*, 37 F.4th at 1057 (collecting cases). "[T]he party invoking federal diversity jurisdiction ... bears the burden of establishing the amount in controversy by a preponderance of the evidence." *Allstate Fire & Cas. Ins. Co. v. Love*, 71 F.4th 348, 351 (5th Cir. 2023). If the amount in controversy is not apparent from the face of the complaint, the court may rely on summary-judgment-type evidence. *Id.* at 351-52; *see also* 14B WRIGHT & MILLER, *supra*, § 3705, at 517. Summary-judgment-type evidence includes "discovery material and post-institution or post-removal affidavits, exhibits, reports, declarations, emails, or letters, especially when the facts relating to jurisdiction are ambiguous or disputed." 14B WRIGHT & MILLER, *supra*, § 3705, at 518-30. As a jurisdictional requirement, the amount in controversy "is decided under federal, not state, standards." *Id.* § 3702, at 323.

Here, it is not facially apparent from the complaint itself whether it is more likely than not that the amount in controversy exceeds $75,000. Plaintiffs' complaint states that they seek damages for past and future physical and mental pain and suffering, medical expenses, loss of past earnings, loss of future earning capacity, loss of consortium, permanent disability of the body, and scarring and disfigurement.[23] However, this standard list of damages – which is not accompanied by factual allegations regarding the amount in controversy – is insufficient to meet the "facially apparent" test. *Young v. Popeyes La. Kitchen, Inc.*, 2024 WL 4263173, at *2 (E.D. La. Sept. 23, 2024) ("Courts have routinely held that pleading general categories of damages, such as 'pain and suffering, disability, lost wages, loss of earning capacity, medical expenses, etc.,' without any indication of the amount of damages sought is insufficient to meet defendant's burden using the facially apparent test." (quotation omitted)).

Consequently, the Court must consider the evidence Defendants put forth regarding the amount in controversy. Defendants principally rely on the MRI reports and the steroid injection procedure notes for Searls.[24] This evidence, though, is not sufficient to meet Defendants' burden of proving that the jurisdictional threshold is met. Although the MRI reports show that both plaintiffs have back injuries and recommend treatment, there is no evidence indicating that Plaintiffs will actually undergo the recommended treatment (much less that Walters will actually have surgery) or the cost of any such treatment. "[C]ourts in this district have repeatedly held that unoperated herniated discs do not meet the jurisdictional minimum." *Higgins v. Ace Am. Ins. Co.*, 2024 WL 2796650, at *3 (E.D. La. May 31, 2024) (alteration and quotation omitted) (collecting cases). Indeed, there is no evidence that either plaintiff is currently seeking treatment. And there is no evidence concerning the amount of either plaintiff's past medical bills, the costs of any

---

[23] R. Doc. 1-1 at 12.
[24] *See* R. Docs. 1-4; 1-5; 1-6.

6

potential future treatment, or any other damages, such as lost wages. Although "a failure to stipulate that damages will not exceed $75,000 may be probative in close cases, it is insufficient to carry [the] defendant's burden on its own." *Young*, 2024 WL 4263173, at *3. This case is in its infancy and Plaintiffs have not been given the opportunity to stipulate as to the amount in controversy. At this juncture, this Court cannot conclude that it is more likely than not that either plaintiff's damages will exceed $75,000 when there is no evidence concerning past medical expenses and no evidence demonstrating that either plaintiff will incur further expenses for medical treatment or lost wages. *See id.*; *Higgins*, 2024 WL 2796650, at *3-4 (finding amount in controversy not satisfied where, at the time of removal, plaintiff's costs were $6,000 and defendants did not submit evidence of anticipated future medical treatment or lost wages, even though plaintiff failed to stipulate that her damages were less than $75,000); *Mogilles v. Memberselect Ins. Co.*, 2024 WL 835833, at *5-7 (E.D. La. Feb. 28, 2024) (finding amount in controversy not met when MRI showed disc herniation, plaintiffs incurred *de minimis* medical expenses, and there was no surgery recommendation); *Woods v. Patrons Oxford Ins. Co.*, 2022 WL 2965923, at *3-4 (E.D. La. July 27, 2022) (finding amount in controversy not met where settlement offer "did not reflect an honest assessment of the value" of the case considering that plaintiff's medical bills were $7,560 for conservative treatment, although MRI showed a herniated disc and plaintiff did not stipulate that damages were less than $75,000); *Lazard v. Winn-Dixie Montgomery, LLC*, 2022 WL 17414304, at *3-5 (E.D. La. Dec. 5, 2022) (finding amount in controversy not met where plaintiff's medical expenses totaled $3,552 and defendant did not provide evidence of the cost of future treatment even though plaintiff failed to stipulate that damages did not exceed $75,000); *Hitchens v. Bunch*, 2021 WL 5822639, at *5-6 (E.D. La. Dec.

8, 2021) (finding amount in controversy not met where medical expenses totaled $4,799 and MRI showed disc bulge, but defendant did not indicate the extent or cost of anticipated treatment).

In holding that the jurisdictional minimum is not satisfied here, the Court is "mindful that removal jurisdiction is strictly construed," and that "any ambiguity should be interpreted in favor of remand." *Higgins*, 2024 WL 2796650, at *4 (quotations omitted). And, while it is possible that a plaintiff may ultimately receive more than $75,000 in damages, "the evidence presented at this time by [Defendants] does not make such a result appear more likely than not." *Id.* (quotation omitted).

### IV. CONCLUSION

Accordingly, for the foregoing reasons,

IT IS ORDERED that Plaintiffs' motion to remand (R. Doc. 7) is GRANTED, and this case is REMANDED to the Civil District Court, Parish of Orleans, State of Louisiana.

New Orleans, Louisiana, this 1st day of May, 2025.

BARRY W. ASHE
UNITED STATES DISTRICT JUDGE

8